W. C. McDONALD, MAYOR, *et al., Appellants,* v. LOUISVILLE & NASHVILLE RAILROAD COMPANY, *Appellee.*

Opinion Filed March 11, 1913.

A public highway crossing or a right to such a crossing should be established in some manner authorized by law before a railroad company may be required under Chapter 6233 Acts of 1911 to build, construct, maintain and keep in good condition a highway crossing over the railroad track.

Appealed from the Circuit Court for Jackson County.

Decree affirmed.

*C. L. Wilson,* for Appellants;

*Paul Carter,* for Appellee.

WHITFIELD, J.—Chapter 6233, Acts of 1911, requires railroad companies owning or operating a line of railroad to "build, construct and maintain and keep in good condition highway crossings at all points where said line of railroad *is crossed* by any public, county or settlement road or by any street where required by the Board of County Commissioners or Town Council;" and provides that upon failure or refusal of the railroad company

McDonald *et al.* v. L. & N. R. R. Co.—Opinion of Court.

to construct such crossing on a street within a time specified by the Town Council, the Council shall build the crossing at the expense of the railroad company. The Town Council of Cottondale directed the Louisville & Nashville Railroad Company to build and maintain a crossing at the point where a street of the town "intercepts" the railroad. Upon failure of the railroad company to construct the crossing, the town authorities proceeded to build a crossing and were enjoined. This appeal is from the injunction.

It appears that the street North of the railroad track has been used for many years, and that the street has within three or four years been opened South of the railroad right-of-way; but it does not appear that a crossing at the railroad track was ever established by consent, or by governmental authority, or in fact made or used by the public as a part of the street, though there has been some crossing by pedestrians and occasionally by an empty vehicle. Under these circumstances, the street appears to be *intercepted* by the railroad track, and not crossed by the railroad. Consequently the statute referred to is not applicable.

It appears that a crossing, or a right to a crossing, has not been established in any manner authorized by law so as to make the building and construction of a suitable means of crossing obligatory on the railroad company under the statute here sought to be enforced.

The decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER J. J., concur.